IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBUS TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:23-cv-00298-JPW |
| | ) | |
| v. | ) | |
| | ) | |
| KENNETH DUPREE AND | ) | |
| LANDSTAR INWAY, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6), MOTION TO STRIKE PURSUANT TO RULE 12(F), AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12 (E)

AND NOW, come Defendants, Kenneth Dupree and Landstar Inway, Inc., by and through their counsel, John T. Pion, Esq., Joshua D. Leaver, Esq., and Pion, Nerone, Girman, Winslow & Smith, P.C., and hereby submit the following Brief in Support of Defendants' Motion to Dismiss pursuant to Rule 12(b)(6), Motion to Strike pursuant to Rule 12(f), and Motion for a More Definite Statement pursuant to Rule 12(e), averring as follows:

## I.   Brief Statement of Facts and Procedural History:

Plaintiff, Columbus Taylor, initiated this action arising out of a motor vehicle accident, with the filing of a Complaint in the Franklin County Court of Common Pleas on or about January 20, 2023. Plaintiff's Complaint is comprised of three (3) separate counts against the above-captioned Defendants, as follows: Count I,

Columbus Taylor v. Kenneth Dupree; Count II, Columbus Taylor v. [Landstar] Inway, Inc.; and Count III, Columbus Taylor v. All Defendants. <u>See</u> Ex. A, (Complaint)[1].

Notably, Plaintiff's Complaint contains the following factual allegations, in pertinent part:

\* \* \*

4. At all times material hereto, Plaintiff, COLUMBUS TAYLOR, was the lawful operator of the 2019 Red Tractor Trailer involved in the hereinafter accident, which was owned by Diamler Trust, located at 13650 Heritage Parkway, Floor 1, Fort Worth Texas 76177.

5. At all times material hereto, Defendant, KENNETH DUPREE, was the operator of the 2004 Gold Truck involved in the hereinafter accident, which was owned by Landstar Inway, Inc., located at 13410 Sutton Park Drive South, Jacksonville, Florida 32224.

6. On or about February 1, 2021, Plaintiff, COLUMBUS TAYLOR, was the driver of the Red Tractor Trailer referenced within paragraph 4 hereinabove, which was traveling northbound on I81 within Franklin County, Pennsylvania.

7. At the same time and place, Defendant, KENNETH DUPREE, was the driver of the 2004 Gold Truck (tractor-trailer) referenced within Paragraph 4 hereinabove, which was traveling northbound on I81, within Franklin County, Pennsylvania, in front of plaintiff's vehicle.

8. At the same time and place as both the Defendant and Plaintiff were operating their respective tractor-trailers, the road surface was covered in windblown snow.

---

[1] All Exhibits referenced herein are attached to Defendants' Motion to Dismiss pursuant to Rule 12(b)(6), Motion to Strike pursuant to Rule 12(f), and Motion for a More Definite Statement pursuant to Rule 12(e).

9.   The Defendant lost control of his tractor-trailer, causing it to become perpendicular on the highway, while taking up all lanes of travel heading in the direction of 181 North, whereby the Plaintiff was caused to maneuver his vehicle in such a way as to avoid crushing the passenger vehicle to his left, though he could not avoid striking the Defendant.

10.   The impact of the collision caused Plaintiff, COLUMBUS TAYLOR, serious, disabling permanent damages and injuries which will be set forth with particularity below.

\*   \*   \*

12.   Defendant, KENNETH DUPREE drove his vehicle in a careless and <u>reckless</u> manner such that he failed to keep his vehicle under proper and adequate control, causing his vehicle to drive, Plaintiff, COLUMBUS TAYLOR's vehicle off the road.

\*   \*   \*

14.   The above-described accident was caused by defendant KENNETH DUPREE, who's Negligence included, <u>but was not limited to</u>:

    a.   Failure to keep a safe distance;

    b.   Failure to keep his vehicle under proper and adequate control;

    c.   Failure to have due regard for Plaintiffs safety.

\*   \*   \*

22.   Defendant, LANDSTAR INWAY, INC., [who's] negligence consisted of, <u>inter alia</u>, the following:

    a.   negligently entrusting their vehicle to an individual who was not equipped to operate their vehicle safely and/or with due care for others;

   b. negligently entrusting their vehicle to an individual who
      exhibited a disregard for the safety and well-being of
      others; and

   c. failing to properly train and/or instruct Defendant
      Operator in the safe operation and usage of his motor
      vehicle.

Ex. A ¶¶ 4-10, 12, 14, and 22 (emphasis added).

On February 21, 2023, Defendants removed Plaintiff's case to the Middle

District of Pennsylvania pursuant to 28 U.S.C. § 1446(d).  On February 27, 2023,

Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), Motion to Strike

pursuant to Rule 12(f), and Motion for a More Definite Statement pursuant to Rule

12(e).  Defendants now timely file the following Brief in Support thereof.

**II.    Statement of Questions Presented:**

   **A.    Whether, pursuant to Rule 12(b)(6), Plaintiff's claim that
          Defendant Dupree drove his vehicle in a "reckless" manner, as set
          forth in Count I of the Complaint, should be dismissed on the basis
          that Plaintiff has not pleaded sufficient facts to support a facially
          plausible claim of recklessness and/or reckless conduct against
          Defendant Dupree?**

          Suggested Answer:        Yes.

   **B.    Whether, pursuant to Rule 12(f), Plaintiff's allegations of
          "reckless" conduct, as pleaded in Paragraph 12 of the Complaint,
          should be stricken on the basis that such allegations are immaterial
          in the absence of a claim for punitive damages against the
          Defendants?**

          Suggested Answer:        Yes.

**C.**    **Whether, pursuant to Rules 12(b)(6) and 12(f), Count III of the Complaint should be dismissed on the basis that it is redundant and/or fails to assert any claim or theory of liability against either of the Defendants?**

Suggested Answer:      Yes.

**D.**    **Whether, pursuant to Rule 12(e), the "including, but not limited to" and the "inter alia" language, as pleaded in Paragraphs 13, 14, and 22 of the Complaint, should be stricken on the basis that such catchall language is so vague and ambiguous that the Defendants cannot reasonably prepare a response?**

Suggested Answer:      Yes.

## III.    Standard of Review:

### A.    Fed. R. Civ. P. 12(b)(6) – Motion to Dismiss.

When considering a motion to dismiss under Rule 12(b)(6), the Court must take all of the material allegations of the complaint as true and construe them in a light most favorable to the plaintiff.  Developers Sur. & Indem. Co. v. Mathias, 2013 U.S. Dist. LEXIS 173973, *8-9 (M.D. Pa. 2013) (citing Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009)).  However, the court is not required to credit allegations or conclusions of law, bald or unsupported conclusions, or unwarranted inferences.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); Pennsylvania House, Inc. v. Barrett, 760 F. Supp. 439, 449 (M.D. Pa. 1991).  Moreover, the court has an obligation "to view the complaint as a whole and to base rulings not upon the presence of mere words but, rather, upon the presence of a factual situation which is or is not justiciable." City of Pittsburgh v. West Penn

Power Co., 147 F.3d 256, 263 (3d Cir. 1998).  In other words, the court is to evaluate

the allegations of the complaint in "a realistic, rather than a slavish, manner."  Id.

The complaint, or those portions complained of, may be dismissed where it is

clear that, even taking plaintiff's factual allegations as true, plaintiff has failed to set

forth a facially plausible claim for relief.  Developers Sur., 2013 U.S. Dist. LEXIS

173973, *8-9 (M.D. Pa. 2013) (citing Ashcroft v. Iqubal, 556 U.S. 662, 679 (2009)).

Stated otherwise, the objectionable claims may be dismissed where, even when

taking plaintiff's allegations as true, plaintiff would be unable to prevail under any

set of facts or theory of law.  Id. at *7; see also D.P. Enterprises, Inc. v. Bucks County

Community College, 725 F.2d 943, 944 (3d Cir. 1984); Mortensen v. First Fed. Sav.

& Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

While the plaintiff is not required to provide detailed factual allegations, the

plaintiff does have to allege the grounds for his entitlement to relief, which requires

the plaintiff to plead more than labels, conclusions, and formulaic recitations of the

elements of a cause of action.  Iqubal, 556 U.S. at 670; Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d

Cir. 2008).

### B.    Fed. R. Civ. P. 12(f) – Motion to Strike.

Pursuant to Rule 12(f), the Court may strike from a complaint "any redundant,

immaterial, impertinent, or scandalous matter."  F.R.C.P. 12(f).  The courts have

defined immaterial, impertinent, and scandalous as follows: "'Content is immaterial when it has no essential or important relationship to the claim for relief. Content is impertinent when it does not pertain to the issues raised in the complaint. Scandalous material improperly casts a derogatory light on someone, most typically on a party to the action.'" Lee v. Eddystone Fire & Ambulance, 2019 U.S. Dist. LEXIS 197805, *5 (E.D. Pa. 2019) (quoting Giuliani v. Polysciences, Inc., 275 F. Supp. 3d 564, 572 (E.D. Pa. 2017)).

### C.     Fed. R. Civ. P. 12(e) – Motion for a More Definite Statement.

Federal Rule of Civil Procedure 8 provides that, in order to satisfy the requisites of notice pleading, "[a] pleading which sets forth a claim for relief … shall contain … a short and plain statement of the claims showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Stated another way, a complaint must give the defendant fair notice of the claim and the grounds on which it rests. Pozarlik v. Camelback Associates, Inc., 2011 U.S. Dist. LEXIS 137310, *6 (M.D. Pa. November 30, 2011).

While most allegations will be sufficient to overcome a claim of lack of specificity, the Federal rules are not without their limits. The factual detail in a complaint may not be so undeveloped that it does not provide the defendant with sufficient notice of the claim as contemplated in Rule 8. Id. Thus, Rule 12(e) provides that a party may move for a more definite statement of the allegations in a

pleading where the allegations are "so vague or ambiguous that the party cannot reasonably prepare a response." Id.; Fed. R. Civ. P. 12(e).

IV.   **Argument:**

    A.    **Plaintiff' claim that Defendant Dupree drove his vehicle in a "reckless" manner, as set forth in Count I of the Complaint, should be dismissed on the basis that Plaintiff has not pleaded sufficient facts to support a facially plausible claim of recklessness and/or reckless conduct against Defendant Dupree.**

Because courts sitting in diversity cases must apply state substantive law, Pennsylvania's law regarding claims of "recklessness" and/or "reckless" conduct is applicable. See McKenna v. Pacific Rail Serv., 32 F.3d 820, 825 (3d Cir. 1994). In Pennsylvania, a defendant acts "recklessly" when, and only when, his conduct creates an unreasonable risk of physical harm to another and such risk is substantially greater than that which is necessary to make his conduct negligent. Thus, a showing of even gross negligence will not suffice. See Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005). Rather, recklessness requires a showing that the actor knew, or had reason to know, of facts which created a high degree of risk of physical harm to another, and that the actor deliberately proceeded to act, or failed to act, in conscious disregard of, or indifference to, that risk. See SHV Coal, Inc. v. Cont'l Grain Co., 587 A.2d 702, 704 (Pa. 1991) (discussing the type of recklessness that must be shown for a finding of punitive damages under Pennsylvania law).

Here, the Complaint alleges that Defendant Dupree was operating his tractor trailer on a snow-covered road and lost control of the tractor trailer, causing it to become perpendicular on the highway.  See Ex. A, ¶¶ 8 and 9.  Count I of the Complaint further alleges, *inter alia*, that Defendant Dupree "drove his vehicle in a careless and reckless manner such that he failed to keep his vehicle under proper and adequate control, causing his vehicle to drive, Plaintiff['s] vehicle off the road."  Ex. A, ¶ 12.  The foregoing allegations are insufficient to establish that Defendant Dupree acted in a "reckless" manner.

It is important to note that Plaintiff does not plead that the mere act of driving on the alleged snow-covered road was reckless – nor would he want to, since Plaintiff was driving on the same snow-covered road as Defendant Dupree at the time of the accident.  Rather, it is Defendant Dupree's alleged failure to maintain control over his tractor trailer while driving on said snow-covered road that Plaintiff alleges was reckless.  The mere failure of a driver to maintain control of his tractor-trailer on a snow-covered road surface (though specifically denied in the instant case) is not the type of substantially riskier behavior the Pennsylvania Supreme Court envisioned when distinguishing claims of recklessness from claims of ordinary negligence, however.  See Phillips v. Cricket Lighters, *supra*.

Moreover, the Complaint does not speak at all to Defendant Dupree's state of mind while engaging in such alleged reckless conduct.  In other words, Plaintiff fails

to plead facts to support that prior to the accident, Defendant Dupree was aware that his conduct created a high degree of risk of physical harm to the Plaintiff and that he nevertheless <u>chose to proceed in conscious disregard of, or indifference to, that high degree of risk</u>.  In fact, Plaintiff's assertion that Defendant Dupree "lost control" of his vehicle is actually the antithesis of conscious disregard, since losing control signifies the very absence of choice.

Plaintiff's attempt to bolster his allegations against Defendant Dupree in Paragraph 14 of the Complaint similarly fails to describe conduct which, even if true, could be perceived as rising to the level of conscious disregard of a substantially riskier behavior such as to deem the behavior reckless.  As noted above, Paragraph 14 of the Complaint alleges that Defendant Dupree's negligence included, but was not limited to:  failure to keep a safe distance; failure to keep his vehicle under proper and adequate control; and failure to have due regard for Plaintiffs safety.  <u>See</u> Ex. A, ¶ 14(a-c).

Like the allegations in Paragraphs 8, 9, and 12, *supra*, the vague and conclusory allegations averred against Defendant Dupree in Paragraph 14 and its corresponding Subparagraphs, at most, sound in mere ordinary negligence and do not establish that Defendant Dupree's conduct was reckless pursuant to Pennsylvania law.  Accordingly, Plaintiff' claim that Defendant Dupree drove his

vehicle in a "reckless" manner, as alleged in Count I of the Complaint, should be dismissed pursuant to Rule 12(b)(6).

    **B.**    **Plaintiff's allegations of "reckless" conduct, as pleaded in Paragraph 12 of the Complaint, should be stricken on the basis that such allegations are immaterial in the absence of a claim for punitive damages against the Defendants.**

As noted above, Plaintiffs' Complaint fails to set forth sufficient facts to support that Defendant Dupree's conduct was reckless. The factual allegations in the Complaint amount to mere negligence – at most. In the absence of a claim for punitive damages, Plaintiff's allegations of reckless conduct, as pleaded in Paragraph 12 of the Complaint, are immaterial and should be stricken pursuant to Rule 12(f).

    **C.**    **Count III of the Complaint should be dismissed on the basis that it is redundant and/or fails to assert any claim or theory of liability against either of the Defendants.**

Count III of the Complaint (Columbus Taylor v. All Defendants) is comprised of the following, sole paragraph:

> 25. Plaintiff was an innocent driver who suffered serious, permanent and disabling injuries as a result of the accident and various acts of negligence that occurred as described hereinabove.

Ex. A, ¶ 25.

Substantively, Count III sets forth no new claim or theory of liability against either Defendant. Rather, it simply incorporates by reference "various acts of negligence that occurred" as already described in previous Counts and paragraphs

of the Complaint. Thus, Count III is improperly redundant pursuant to Rule 12(f) and/or fails to assert cognizable claim for which relief can be granted pursuant to Rule 12(b)(6), and therefore, should be dismissed on one or both of those bases.

     **D.**     **The "including, but not limited to" and the "inter alia" language, as pleaded in Paragraphs 13, 14, and 22 of the Complaint, should be stricken on the basis that such catchall language is so vague and ambiguous that the Defendants cannot reasonably prepare a response.**

Plaintiff's Complaint contains vague and ambiguous "including, but not limited to" and "inter alia"[2] language in relation to Defendants' alleged negligence. See Ex. A, ¶¶ 13, 14, and 22. Such catchall language fails to meet the specificity requirements under Rule 8 of the Federal Rules of Civil Procedure and interpreting case law, and thus impede Defendants' ability to adequately prepare defenses to Plaintiff's claims. Accordingly, Plaintiff should be required to re-plead these allegations with greater specificity, or, if Plaintiff cannot do so, the allegations should be stricken from the Complaint, with prejudice.

**V.**     **Conclusion:**

Plaintiff has not pleaded sufficient facts to support a facially plausible claim of reckless conduct against Defendant Dupree and therefore, such a claim should be dismissed. In addition, or in the alternative, allegations of reckless conduct are immaterial in the absence of a claim for punitive damages against the Defendants

---

[2] Inter alia is Latin for "among other things."

and should be stricken on that basis.  Further, Count III of the Complaint is redundant and/or fails to assert any claim or theory of liability against either of the Defendants and should be dismissed.  Finally, the vague and ambiguous "including, but not limited to" and "inter alia" language pleaded in relation to Defendants' alleged negligence should be re-pleaded with greater specificity, or in the alternative, stricken.

Accordingly, Defendants, Kenneth Dupree and Landstar Inway, Inc., respectfully request that this Honorable Court enter the proposed Order previously submitted with their Motion to Dismiss pursuant to Rule 12(b)(6), Motion to Strike pursuant to Rule 12(f), and Motion for a More Definite Statement pursuant to Rule 12(e).

Respectfully submitted,

**PION, NERONE, GIRMAN,
WINSLOW & SMITH, P.C.**

Date: March 6, 2023

_____
JOHN T. PION, ESQUIRE
Attorney I.D. No. 43675
JOSHUA D. LEAVER, ESQUIRE
Attorney I.D. No. 315369
Attorneys for Defendants,
Kenneth Dupree and Landstar Inway, Inc.

## **CERTIFICATE OF SERVICE**

I, Joshua D. Leaver, Esquire, of the law firm of Pion, Nerone, Girman, Winslow & Smith, P.C., counsel for the Defendants, Kenneth Dupree and Landstar Inway, Inc., hereby state that a true and correct copy of the foregoing **Brief in Support of Defendants' Motion to Dismiss pursuant to Rule 12(b)(6), Motion to Strike pursuant to Rule 12(f), and Motion for a More Definite Statement pursuant to Rule 12(e)** was served upon the following counsel of record on the date set forth below as follows:

**Via the Court's ECF System and Via Email**
Eugene Gitman, Esquire
Law Offices of Eugene Gitman
4821 East Street Road
Feasterville, PA  19053
eugene@gitmanlaw.com
Attorney for Plaintiff

                                   **PION, NERONE, GIRMAN,**
                                   **WINSLOW & SMITH, P.C.**

Date:  March 6, 2023                     _____

                                   JOSHUA D. LEAVER, ESQUIRE
                                   Attorney I.D. No. 315369