IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBUS TAYLOR, | : | Civil No. 1:23-CV-00298 |
| Plaintiff, | : | |
| v. | : | |
| KENNETH DUPREE and LANDSTAR INWAY, INC., | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

# **MEMORANDUM**

Before the court is a motion to dismiss and strike the punitive damages claim pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), filed by Defendants Kenneth Dupree ("Dupree") and Landstar Inway, Inc. ("Landstar"). (Doc. 18.) The first amended complaint alleges that Plaintiff Columbus Taylor ("Taylor") suffered injuries due to Defendants' negligence in a crash between two tractor trailers. (Doc. 16.) The court finds that it is premature and inappropriate at this stage to dismiss the punitive damages. The court also finds that Taylor has sufficiently pleaded enough facts to survive the motion to strike. For the reasons that follow, the motion is denied.

1

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The first amended complaint alleges that, on February 1, 2021, Taylor was travelling north on Interstate 81 ("81")[1] in Franklin County, Pennsylvania in a red tractor trailer. (Doc. 16, ¶¶ 8, 10.) Dupree was travelling north in the same area in a gold tractor trailer. (*Id.* ¶¶ 9, 11.) At the time the parties were travelling, the road was "covered in windblown snow." (*Id.* ¶ 13.) At all times, Dupree was in front of Taylor. (*Id.* ¶ 12.) At some point, Dupree lost control of his tractor trailer and eventually became perpendicular to the highway, blocking all northbound lanes. (*Id.* ¶ 14.) In order to avoid hitting a passenger vehicle on his left, Taylor collided with Dupree, ultimately sustaining "serious, disabling and permanent physical injuries[.]" (*Id.* ¶¶ 15, 16.)

The first amended complaint alleges that "Dupree breached his. . . duties by operating [his tractor trailer] in a careless, reckless, and unsafe manner, without abiding all traffic regulations and without consideration for the conditions of the road, including the adverse weather conditions[.]" (*Id.* ¶ 19.) The complaint then goes on to list actions that Dupree either failed to do or did recklessly, including recklessly violating traffic laws, driving while distracted, in a fatigued condition, at

---

[1] The court notes that the first amended complaint consistently refers to the road the parties were traveling as "Route 181." However, while there is a Route 181 in York County, PA, there is no Route 181 in Franklin County, PA. There is an Interstate 81, which may be referred to as "I81 for short. The court will assume that the reference to "181" was a typographical error and that the events alleged occurred on Interstate 81.

an unsafe speed, and at unsafe distances from other vehicles. (*Id.*) Count I alleges negligence against Dupree, Count II alleges vicarious liability against Landstar, and Count III alleges negligence against Landstar. (*Id.* ¶¶ 17–38.) The first amended complaint requests compensatory and punitive damages.

Landstar and Dupree removed this action from the Franklin County Court of Common Pleas on February 21, 2023. (Doc. 1.) Thereafter, Defendants filed a motion to dismiss on February 27, 2023. (Doc. 2.) Taylor then filed the operative first amended complaint on May 18, 2023, after a stipulation by the parties to extend the amount of time to do so. (Docs. 13, 16.) Defendants filed the instant motion to dismiss and strike on June 1, 2023. (Doc. 18.) The motion has been fully briefed and is ripe for disposition.

### JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1332 because the parties have complete diversity and the amount in controversy exceeds $75,000.[2] Venue is appropriate pursuant to 28 U.S.C. § 1391 because all events occurred within the Middle District of Pennsylvania.

---

[2] Taylor is a citizen of Mississippi, Dupree is a citizen of Louisiana, and Landstar is a business incorporated and with a principal place of business in Delaware. (Doc. 16, ¶¶ 4–6.)

## STANDARD OF REVIEW

### A. Motion to Dismiss

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

### B. Motion to Strike

Under Federal Rule of Civil Procedure 12(f), a party can move a district court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." This rule is "designed to reinforce the requirement in Rule 8

4

. . . that pleadings be simple, concise, and direct." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2020 update). To that end, the purpose of any motion to strike should be to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." *United States v. Educ. Mgmt. Corp.*, 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012) (citation omitted).

Motions to strike should not be used to persuade a court to determine disputed questions of law. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 218 (D.N.J. 1993) (citations omitted). They also "may not serve as an avenue to procure the dismissal of all or part of a complaint." *Davila v. N. Reg'l Joint Police Bd.*, 979 F. Supp. 2d 612, 624 (W.D. Pa. Oct. 21, 2013), *vacated in part on reconsideration*, 2014 U.S. Dist. LEXIS 102143 (July 28, 2014) (citing *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp. 2d 509, 530–31 (D.N.J. 2012)).

The burden rests with the moving party to show that the challenged matter should be stricken. *In re Ry. Indus. Emp. No-Poach Antitrust Litig.*, 395 F. Supp. 3d 464, 496 (W.D. Pa. 2019). Thus, the movant must demonstrate that the matter falls within one of the categories listed in Rule 12(f). "Immaterial" matter is that which "has no essential or important relationship to [any] claim[s] for relief." *Wagner v. Holtzapple*, 101 F. Supp. 3d 462, 488 (M.D. Pa. 2015) (citing *Del. Health Care, Inc. v. MCD Holding Co.*, 893 F. Supp. 1279 (D. Del. 1995)).

"Impertinent" matter consists of "statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). And "scandalous" matter is that which "casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court." *Id.* (citing *Carone v. Whalen*, 121 F.R.D. 231, 232 (M.D. Pa. 1988)).

## DISCUSSION

Defendants argue that Taylor has only provided conclusory allegations and boilerplate legal conclusions to support the allegation that Dupree and Landstar acted with the requisite mental state to warrant punitive damages. (Doc. 19, p. 12.)[3] Taylor responds that, under Pennsylvania law, a plaintiff must only generally aver a defendant's state of mind because such evidence is most commonly available after discovery has been completed, and he has alleged sufficient facts to plausibly support reckless conduct. (Doc. 21, p. 8.)

In Pennsylvania, punitive damages are available as a remedy in negligence actions where "(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." *See Hutchison ex rel. Hutchison v. Luddy*, 582 Pa. 114, 870 A.2d 766, 772–73 (Pa. 2005).[4] This remedy is only

---

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[4] Because the accident occurred in Pennsylvania, the court applies Pennsylvania law.

available "in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Id.* at 770.

The court notes that it is rare to dismiss a claim for punitive damages in motor vehicle accident cases at the outset of litigation. *See, e.g., Alexander v. W. Express*, No. 1:19-CV-1456, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019), *report and recommendation adopted*, No. 1:19-CV-1456, 2019 WL 6327688 (M.D. Pa. Nov. 26, 2019). Further, courts have generally deemed these motions to dismiss as premature and inappropriate where the complaint alleges reckless conduct. *See, e.g.*, *Harvell v. Brumberger*, No. 3:19-cv-2124, 2020 WL 6947693, at *8 (M.D. Pa. Nov. 4, 2020).

Here, Taylor alleges recklessness, which is generally sufficient to avoid dismissal at this stage. (Doc. 16, ¶ 19.) Further, because an individual's state of mind usually determines whether an award of punitive damages is warranted, it would be premature to dismiss a punitive damages claim at the outset of litigation. *See Harvell*, 2020 WL 6947693 at *8 ("[B]ecause the question of whether punitive damages are proper often turns on the defendants' state of mind, this question frequently cannot be resolved on the pleadings alone but must await the development of a full factual record at trial.") (citing *In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015)). For these reasons, Defendants' motion to dismiss the punitive damages claim will be denied.

On the motion to strike, Defendants argue that facts alleging recklessness are immaterial and should be stricken because the first amended complaint sounds in negligence. (Doc. 19, pp. 14, 15.) Taylor does not respond to the motion to strike.

A defendant acts recklessly when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." *Phillips v. Cricket Lighters*, 584 Pa. 179, 883 A.2d 439, 445 (Pa. 2005). Taylor alleges Dupree failed to maintain control of his tractor trailer, properly manage space around him, and observe the existing traffic and weather conditions. (Doc. 16, ¶19.) Taylor also alleges that Dupree recklessly operated the tractor trailer while distracted, fatigued, at an unsafe speed, and at unsafe distances comparatively to other vehicles. (*Id.*) Although not argued by Taylor, these allegations are not immaterial, but rather are included to support the allegation of reckless behavior of Dupree. Therefore, the court will deny the motion to strike references to recklessness.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and strike will be denied. (Doc. 18.) An order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: February 1, 2024